Opinion of the Court.
Southard J.
The plaintiff below claims in the following manner: that lie (the plaintiff Parke) had security to one Jacob Huffman in his life time, now deceased, on a note of hand for 8 dollars, 41 cents, to John Parke, who assigned it to Joshua Vanatta; that Vanatta obtained a judgment on the note before Philip Johnson, esq. on the 23d of December 1816, for debt and costs 9 dollars, 88 cents; that the defendant, Díte, having the property of Huffman in his hands, refused to deliver it up to satisfy the judgment; and that the defendant agreed with the plaintiff that he should not lose the money, but that he would pay it; which he had neglected and refused to perform, and therefore he prays judgment for the said sum of 9 dollars, 88 cents.
By the transcript, the amended return, and papers sent up, it appears that the justice who tried the cause of Vanatta against Parke, was a witness, and his transcript admitted in evidence; that there was no written evidence of any promise by the defendant to pay the money; but a witness, Philip Johnson, esq., swore, that the defendant confessed that he had property of Jacob Huffman in his hands, to pay the debt.
From this state of facts, it appears that Parke is to be considered as a creditor of Huffman, and Huffman being dead, he is endeavouring to recover the amount of his claims from Dilts, who has Huffman’s property in his hands. The phraseology of the papers, does not make it very manifest how the defendant obtained possession of *250 the property. From the testimony of Johnson, as detailed the justice, it might perhaps be inferred that it had been put in his hands for the purpose of paying this debt; and if this were so, the case would be free from all doubt. But the language of the plaintiff, in his state of demand, contradicts this idea, and leaves it as the fair conclusion, that he came into possession of it, without any reference to the payment *of this debt. Was then the recovery against him right ? I think not. The debt due to Parke, was due from Huffman. He, or his representatives, were originally liable to be sued for it. The assumption by Dilts, to pay, was clearly within the statute of frauds. It was a promise to pay the debt of another.
This conclusion is not altered by the fact, that Dilts had Huffman’s property in his possession. That does not create or increase a liability to pay the debt, unless the possession is such as to make him executor de son tort ; and if that be the ground of claim, he must be sued in that character, (a) This representative character and the nature of his liability, must appear upon the record, and judgment must be rendered accordingly.
The judgment must be reversed.

 Burnet vs. Bryan, 1 Hal. 377. Parker vs. Thompson, 1 Vr. 311.